588 A.2d 772

**HARFORD COUNTY, Maryland**

v.

**EARL E. PRESTON, Jr., INC. et al.**

**No. 78, Sept. Term, 1990.**

Court of Appeals of Maryland.

April 12, 1991.

Robert F. Kahoe, Jr. (Victor K. Butanis, County Atty., Lester H. Feinberg, all on brief), Bel Air, for petitioner.

John J. Gessner, Venable, Baetjer & Howard, Bel Air, on brief, for respondents.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

KARWACKI, Judge.

The central issue in this zoning case is whether the County Council of Harford County, sitting as its Board of Appeals (the Board), applied the appropriate standard under the Harford County Zoning Code (1982) in determining whether a requested special exception use should be granted.

## I.

Earl E. Preston, Jr., and his wife, Deborah, own 7.469 acres of land in the Fallston area of Harford County which is located in an agricultural (AG) zoning district. The property is traversed by Engle Road, a county secondary road which is approximately 20 feet wide. The Prestons

reside on the 1.797 acre portion of the property that lies southeast of Engle Road which is known as 2233 Engle Road. It is improved by a two story dwelling, swimming pool, bath house and garage. The remainder of their property located on the other side of Engle Road, known as 2228 Engle Road, is improved by a two story frame house which is leased by the Prestons. In addition, a 42 foot by 60 foot shop building and two small sheds are located on that parcel.

Mr. Preston is the principal operating officer of Earl E. Preston, Jr., Inc. He and his wife are the sole stockholders of that corporation which is engaged in the business of excavation, roadway construction, and septic tank installation. Since May of 1979, vehicles, equipment, and supplies used in that business have been stored in and around the shop building and sheds at 2228 Engle Road. The second floor of the garage located at 2233 Engle Road has been converted to an office for use in connection with the business.

In 1985, the Prestons were cited by the Harford County Zoning Administrator for violating the zoning code by using 2228 Engle Road for the storage of commercial equipment and supplies, a use not permitted in an AG district. In response to that citation, the Prestons on December 19, 1985, applied to the Board in Case No. 3295 for a special exception under the precursor of § 267–53(D)(1) of the zoning code.[1] After a hearing, the Board's hearing officer

---

1. Sec. 267–53(D)(1) provides:
   (1) Commercial vehicle and equipment storage and farm vehicle and equipment sales and service. These uses may be granted in the AG District, and commercial vehicle and equipment storage may be granted in the VB District, provided that:
   a. The vehicles and equipment are stored entirely within an enclosed building or are fully screened from view of adjacent residential lots and public roads.
   b. The sales and service of construction and industrial equipment may be permitted as an accessory use incidental to the sales and service of farm vehicles and equipment.
   c. A minimum parcel area of two (2) acres shall be provided.

recommended that the application be denied. On October 21, 1986, the Board followed that recommendation, and the Prestons appealed to the Circuit Court for Harford County. On May 1, 1987, the court vacated the Board's decision and remanded the case to the Board for additional testimony on the issue of whether the screening of the vehicles and equipment stored at 2228 Engle Road would be adequate to block their view from adjacent residential lots and public roads. Also, the court directed that the Board consider additional evidence bearing upon the issue of whether the proposed use adversely affected the neighborhood sufficiently so as to justify denial of the application under *Schultz v. Pritts*, 291 Md. 1, 432 A.2d 1319 (1981).

While the Prestons' appeal in Case No. 3295 was pending before the circuit court, they filed two more applications with the Board. In Case No. 3430, with regard to 2228 Engle Road, the Prestons requested:

a special exception to conduct construction services and suppliers uses pursuant to § 267–53(H)(1) of the zoning code;[2] a special exception for a motor vehicle repair shop[3] pursuant to § 267–53(D)(3); of the zoning code; a

---

**2.** § 267–53(H) states:

(1) Construction Services and Suppliers. These uses may be granted in the AG and VB Districts, provided that a buffer yard ten (10) feet wide shall be provided around all outside storage and parking areas when adjacent to a residential lot or visible from a public road.

"Construction services and suppliers" use is defined in § 267–4 of the Zoning Code as:

The performance of work by or furnishing of supplies to members of the building trades, including building contractors; carpentry and wood flooring services, electrical services, energy systems service and products; general contracting; masonry, stonework, tilesetting and plastering services; plumbing, heating and air-conditioning services; roofing and sheet metal services; and septic tanks sales, service and installation.

**3.** § 267–53(D)(3) provides:

(3) Motor Vehicle Repair Shops. These uses may be granted in the AG and B–1 Districts provided that:

a. All the regulations in Subsection D(2), Motor vehicle filling or service stations, are met.

variance from § 267–53(D)(3) of the zoning code to permit a related repair shop to be operated by a non-resident of the property; and front, side and rear yard setback variances pursuant to § 267–11(A) of the zoning code for the repair shop building.

(2) Case No. 3431 related to 2233 Engle Road and requested:

a special exception for construction services and suppliers uses.

After the remand of Case No. 3295, it was consolidated with Case Nos. 3430 and 3431 for hearings conducted by the Board's hearing examiner. On January 19, 1988, he recommended that the special exception uses requested in all three cases be approved but that the variances sought in Case No. 3430 be denied. After a review of the evidence offered before the hearing examiner and hearing argument of counsel, the Board rejected the recommendations of the hearing examiner in all three cases and denied the special exceptions for which applications had been made. The Prestons again appealed to the circuit court which issued its memorandum opinion and order on July 26, 1989, affirming the Board. The Court of Special Appeals, in an unreported opinion, reversed that decision and remanded the cases for further hearing by the Board. We granted the petition of Harford County for a writ of certiorari to review the decision of our intermediate appellate court.

## II.

In *Schultz v. Pritts*, 291 Md. at 11–12, 432 A.2d at 1325, we observed:

This Court has frequently expressed the applicable standards for judicial review of the grant or denial of a

---

b. The fumes, odors and noise from the auto-related work are minimized.

c. A minimum parcel area of one (1) acre shall be required.

d. In the AG District, the use shall be operated by the resident of the property.

special exception use. The special exception use is a part of the comprehensive zoning plan sharing the presumption that, as such, it is in the interest of the general welfare, and therefore, valid. The special exception use is a valid zoning mechanism that delegates to an administrative board a limited authority to allow enumerated uses which the legislature has determined to be permissible *absent any fact or circumstance negating the presumption.* The duties given the Board are to judge whether the *neighboring properties in the general neighborhood would be adversely affected* and whether the use in the particular case is in harmony with the general purpose and intent of the plan.

Whereas, the applicant has the burden of adducing testimony which will show that his use meets the prescribed standards and requirements, he does not have the burden of establishing affirmatively that his proposed use would be a benefit to the community. If he shows to the satisfaction of the Board that the proposed use would be conducted without real detriment to the neighborhood and would not actually adversely affect the public interest, he has met his burden. The extent of any harm or disturbance to the neighboring area and uses is, of course, material. If the evidence makes the question of harm or disturbance or the question of the disruption of the harmony of the comprehensive plan of zoning fairly debatable, the matter is one for the Board to decide. But if there is no probative evidence of harm or disturbance in light of the nature of the zone involved or of factors causing disharmony to the operation of the comprehensive plan, a denial of an application for a special exception use is arbitrary, capricious, and illegal. *Turner v. Hammond,* 270 Md. 41, 54–55, 310 A.2d 543, 550–51 (1973); *Rockville Fuel & Feed Co. v. Board of Appeals of Gaithersburg,* 257 Md. 183, 187–88, 262 A.2d 499, 502 (1970); *Montgomery County v. Merlands Club, Inc.,* 202 Md. 279, 287, 96 A.2d 261, 264 (1953); *Anderson v. Sawyer,* 23 Md.App. 612, 617, 329 A.2d 716, 720 (1974).

These standards dictate that if a requested special exception use is properly determined to have an adverse effect upon neighboring properties in the general area, it must be denied. (Emphasis in the original.)

We then held:

that the appropriate standard to be used in determining whether a requested special exception use would have an adverse effect and, therefore, should be denied is whether there are facts and circumstances that show that the particular use proposed at the particular location proposed would have any adverse effects above and beyond those inherently associated with such a special exception use irrespective of its location within the zone. (Citations omitted.)

291 Md. at 22–23, 432 A.2d at 1331. In so holding we rejected a different standard for determining adverse impact of a special exception use which was approved by the Court of Special Appeals in *Gowl v. Atlantic Richfield Co.,* 27 Md.App. 410, 417–18, 341 A.2d 832, 836 (1975). The *Gowl* court held that the adverse impact from a proposed special exception use should be compared with the same type of adverse impact that could arise under any use permitted by the zoning ordinance as a matter of right. Thus, under the *Gowl* test an adverse impact relied on to refuse a special exception would have to be greater than the same type of adverse impact which could arise from the development of the property with a permitted use.

After our decision in *Schultz v. Pritts, supra,* the Court of Special Appeals decided *Gotach Center v. Board of County Commissioners,* 60 Md.App. 477, 483 A.2d 786 (1984). In that case the applicant for a special exception contended that the zoning board had improperly applied the standard for evaluating adverse impact of the proposed use set forth in *Schultz* because it contended that the zoning ordinance had adopted the *Gowl* test for measuring such adverse impact. Under the ordinance in question, five factors had to be considered and resolved in favor of the applicant before a special exception would be granted. The

intermediate appellate court rejected the argument of the applicant since the court concluded that as to four of the five determining factors there was no legislative predilection for a *Gowl* type standard in the ordinance. In *dicta*, however, Judge (now Chief Judge) Wilner wrote:

[U]nder *Gowl*, the focus is on whether, with respect to a given factor stated in the ordinance, the proposed conditional use would affect the neighborhood more adversely than any of the uses permitted without special exception. Under *Schultz*, the possible effects of permitted uses are not considered; the focus, rather, is on whether, with respect to that factor, the proposed conditional use would have a more adverse effect on the particular location at issue than it would have generally in the zone. *Schultz* is a more particularized, and normally a more stringent, test for an applicant to meet than is *Gowl*.

The underpinning of the *Schultz* analysis is the legislative discretion necessarily involved in the "balancing process." We do not read that case as binding county legislative bodies to the particular analysis used there. All that *Schultz* seems to say is that, absent some clear legislative direction to the contrary, if a particular kind of impact is required to be taken into account in considering a special exception, the impact is to be measured by the test enunciated in *Schultz* and not by that stated in *Gowl*. We see no reason, however, why a county legislative body cannot adopt a *Gowl*-type standard in the ordinance itself, if it chooses to do so. There is nothing inherently improper about comparing the effect of a particular conditional use with that of a permitted use; it simply is not the kind of comparison normally regarded as consistent with general legislative intent.

*Gotach,* 60 Md.App. at 485, 483 A.2d at 790–91.

In their appeal to the Court of Special Appeals in the instant cases, the Prestons argued that the zoning code had incorporated the *Gowl* test for measuring adverse impact from a special exception use and that the Board erred in

applying the *Schultz* test.[4] The intermediate appellate court agreed and remanded the cases to the circuit court with directions to remand them to the Board with instructions to compare the adverse impact upon the neighboring properties resulting from granting the special exceptions to the adverse impact which would result from permitted uses in the AG zone. We disagree.

In 1972, Harford County became a "chartered county" pursuant to Article XI–A of the Maryland Constitution. As such, the county is empowered by the Express Powers Act, Maryland Code (1957, 1990 Repl.Vol.) Article 25A, § 5(X) "[t]o enact local laws, for the protection and promotion of public safety, health, morals, and welfare, relating to zoning and planning, ..." Accordingly, its local legislative body, the County Council of Harford County, was authorized to divide the county into use districts and to determine which uses would be permitted within each district as a matter of right (permitted uses) and which uses would only be permitted under certain conditions (special exceptions). *Schultz v. Pritts*, 291 Md. at 20–21, 432 A.2d at 1329–30. Without deciding the issue, we shall assume that the County Council possessed the power to adopt a *Gowl* standard for weighing the adverse effect of a proposed special exception use.

In enacting its zoning code, the County Council expressly stated its purpose:

> to control traffic congestion in public roads; to provide adequate light and air; to promote the conservation of natural resources, including the preservation of productive agricultural land; to facilitate the construction of housing of different types to meet the needs of the County's present and future residents; to prevent envi-

---

**4.** Alternatively, the Prestons contended (1) that even under the *Schultz* test the evidence before the Board required that the special exceptions be granted or (2) that reversal of the trial court's affirmance of the Board was mandated because the Board failed to accompany its order denying the special exceptions with written findings of fact and conclusions of law as required by § 267–9(H) of the zoning code.

ronmental pollution; to avoid undue concentration of population and congestion; to facilitate the adequate provision of transportation, water, sewerage, schools, recreation, parks and other public facilities; to give reasonable consideration, among other things, to the character of each district and its suitability for particular uses, with a view to conserving the value of buildings and encouraging the orderly development and the most appropriate use of land throughout the county; to secure safety from fire, panic and other danger; and to conserve the value of property.

§ 267-3.

In providing that certain uses would only be permitted by special exception, the County Council provided in pertinent part:

Special exceptions may be permitted when determined to be compatible with the uses permitted as of right in the appropriate district by this Part 1. Special exceptions are subject to the regulations of this Article and other applicable provisions of this Part 1.[5]

§ 267-51.

Special exceptions require the approval of the Board in accordance with § 267-9, Board of Appeals. The Board may impose such conditions, limitations and restrictions as necessary to preserve harmony with adjacent uses, the purposes of this Part 1 and the public health, safety and welfare.

§ 267-52(A).

In addition to the specific standards, guidelines and criteria described in this Part 1 and other relevant considerations, the Board shall be guided by the following general considerations. Notwithstanding any of the pro-

---

**5.** Part 1 of Chapter 267 of the Harford County Code (1986) includes §§ 267-1 through 267-58. § 267-1 provides: "Part 1 shall be known and cited as the 'Harford County Zoning Code'. The zoning code shall include the text and regulations, the official zoning maps and any amendments thereto."

visions of this Part 1, the Board shall not approve an application if it finds that the proposed building, addition, extension of building or use, use or change of use would adversely affect the public health, safety and general welfare or would result in dangerous traffic conditions or jeopardize the lives or property of people living in the neighborhood.

§ 267–9(I).

In arguing that this zoning code has adopted a *Gowl* test for measuring the adverse impact upon the neighborhood for the proposed special exception use, the Prestons focus on the first sentence of § 267–51. They conveniently ignore the mandatory language of §§ 267–9(I) and 267–52(A). Reading all of the provisions which pertain to special exceptions together, as we must to ascertain the intention of the County Council, we find no intention on the part of the County Council to substitute a *Gowl* test for the test applicable generally for measuring the adverse impact of a proposed special exception use which we adopted in *Schultz*. *Wynn v. State*, 313 Md. 533, 540, 546 A.2d 465, 469 (1988); *Jones v. State*, 311 Md. 398, 405, 535 A.2d 471, 474–75 (1988); *Bridges v. Nicely*, 304 Md. 1, 10, 497 A.2d 142, 146–47 (1985).

### III.

As we noted earlier, the Court of Special Appeals did not address the alternative argument of the Prestons that the Board's decision was arbitrary or capricious under *Schultz*, since it held that case to be inapposite. In reversing its decision, we would normally remand the case to the intermediate appellate court for its consideration of that issue. In the instant case, however, the Prestons also argue in this Court, as they did in the Court of Special Appeals, that the trial court erred in affirming the decision of the Board which was not accompanied by written findings of fact and conclusions of law. Under the circumstances presented here, we think that contention has merit.

The evidence was presented to the Board's hearing examiner who made two reports to the Board. In his first report with regard to Case No. 3295 on April 29, 1986, he made detailed findings of fact and recommended denial of the special exception that was requested. After reviewing the record of evidence offered before the hearing examiner and hearing argument of counsel, the Board adopted its "final decision" in Case No. 3295 on October 21, 1986:

NOW, THEREFORE, BE IT RESOLVED that the Harford County Council/Board of Appeals, by affirmative vote of 7–0, ratifies and adopts the Hearing Examiner's recommendation, dated April 29, 1986, as its own final decision to deny the requested zoning appeal based on the findings of fact and conclusions of law set forth in said recommendation, ...

The Prestons appealed from that disposition by the Board. The Circuit Court vacated the Board's decision and remanded the case for further proceedings before the Board. After remand, the hearing examiner received further evidence in Case No. 3295 and additionally was presented with evidence bearing on Cases No. 3430 and 3431. In his report dated January 19, 1988, he again made detailed findings of fact, but this time he recommended that the special exceptions be granted. In both of his reports the hearing examiner purported to apply the *Schultz* standard in making his recommendations.

The Board, after hearing argument of counsel and reviewing the record in all three cases, concluded in its "final decision" filed on July 12, 1988 that it:

rejects the hearing examiner's recommendations, dated January 19, 1988, and denies the requested relief. The Board finds the use incompatible with the residential and agricultural use of the district due to the intensity of the use, noise level of the machinery, remoteness of the site from other intense commercial and industrial uses, and the proposed use at this location adversely impacts surrounding properties above and beyond those inherently associated with the proposed use.

The Board, in reaching that conclusion, made no attempt to reconcile the contradictory findings of fact by its hearing examiner in his two reports as to whether the adverse impacts upon the neighborhood of the Preston's proposed special exception uses were beyond those inherently associated with such special exception uses irrespective of their location within the AG zone.

In failing to make findings of fact under these particular circumstances, the Board violated Md.Code, Article 25A, § 5(U), § 705 of the Charter of Harford County (1972), and § 267-9(H) of the zoning code which require the Board to support its decision by specific written findings of fact and conclusions of law. This requirement is in recognition of the fundamental right of a party to a proceeding before an administrative agency to be apprised of the facts relied upon by the agency in reaching its decision and to permit meaningful judicial review of those findings. In a judicial review of administrative action the court may only uphold the agency order if it is sustained by the agency's findings and for the reasons stated by the agency. *Motor Vehicle Admin. v. Mohler,* 318 Md. 219, 231, 567 A.2d 929, 935 (1990); *Baltimore Heritage v. City of Baltimore,* 316 Md. 109, 113, 557 A.2d 256, 258 (1989); *United Steelworkers v. Beth. Steel,* 298 Md. 665, 679, 472 A.2d 62, 69 (1984); *Turner v. Hammond,* 270 Md. 41, 55–56, 310 A.2d 543, 551 (1973); *Pistorio v. Zoning Board,* 268 Md. 558, 570, 302 A.2d 614, 619 (1973). Because the Board failed to comply with the Charter of Harford County and the zoning code, the trial court should have remanded the cases to the Board and compelled such compliance. Consequently, our remand of this case will direct such compliance by the Board.

JUDGMENT OF THE COURT OF SPECIAL APPEALS MODIFIED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY AND TO REMAND THE CASE TO THAT COURT WITH INSTRUCTIONS TO VACATE THE ORDER OF THE BOARD OF APPEALS AND TO REMAND THE CASE TO THE

BOARD OF APPEALS FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID ONE–HALF BY PETITIONER AND ONE–HALF BY RESPONDENTS.