686 A.2d 643

The BOWMAN GROUP

v.

Dawson MOSER.

No. 1926, Sept. Term, 1995.

Court of Special Appeals of Maryland.

Nov. 4, 1996.

Reconsideration Denied Jan. 9, 1997.

George W. Kelly (James E. Edwards, Jr., and Ober, Kaler, Grimes & Shriver, on the brief), Baltimore, for Appellant.

Dana Moylan (Kent N. Oliver and Miller, Oliver, Beachley & Stone, on the brief), Hagerstown, for Appellee.

Argued before FISCHER and CATHELL, JJ., and JOHN J. BISHOP, Judge (retired), Specially Assigned.

FISCHER, Judge.

The Bowman Group (Bowman) appeals from the order issued by the Circuit Court for Washington County that reversed the decision of the Mayor and City Council of Hagerstown (collectively, the Council) to rezone certain property. Bowman presents four questions for our review, which we have reworded as follows:

I. Did Dawson Moser have standing to challenge the decision to rezone the property?

II. Did the circuit court err by finding that the Council's findings with respect to change in the neighborhood were erroneous and not fairly debatable?

III. Did the circuit court err when it concluded that the projected traffic conditions resulting from the proposed rezoning would be detrimental to the public interest?

IV. Do the facts in the record demonstrate a "mistake" or "error" in the City's Comprehensive Zoning of the Property in 1977?

### Facts

The property at issue consists of three parcels of land, totalling 5.56 acres in size, located on the northeast corner of East Oak Ridge Drive and Route 65 in Hagerstown, Maryland.[1] On May 4, 1994, Bowman filed an application with the City of Hagerstown to rezone the property from R–3 (High Density Residential) to C–2 (Commercial) in order to facilitate

---

1. For purposes of this opinion, all references to property shall be to this property, unless otherwise noted.

the placement of a Sheetz convenience store on the property. Bowman based its request that the property be rezoned on the assertion that there had been a change in the neighborhood since the last zoning designation or, in the alternative, that the zoning agency made a mistake in that last designation.

The Hagerstown Department of Planning (HDP) gathered the assessments of the appropriate city and county departments regarding Bowman's request and conducted a public review meeting on July 13, 1994. Among other opinions, the HDP stated that it believed there was insufficient evidence of either mistake in the original zoning or a change in the character of the neighborhood such that a rezoning was warranted.

On September 27, 1994, the Council convened a public hearing to discuss the rezoning request. Bowman again argued that there had been a change in the neighborhood and a mistake in the original zoning designation. Moser opposed the rezoning request, stating that his property, on which sits an American Convenience Store, is located only 1200 feet south of the Bowman property, and that the proposed rezoning would negatively influence him by causing a sharp increase in traffic congestion.

After considering all the evidence, including the HDP report, the Council concurred with Bowman and passed the rezoning ordinance. The Council stated that there "was, in fact, a change of the character of the neighborhood." As examples of this change in the neighborhood, the Council mentioned road upgrades, prior rezonings, new and modified infrastructures, and new commercial development since the previous rezoning.

Moser filed a Petition for Judicial Review to the circuit court contending, *inter alia*, that there had been no substantial change in the neighborhood and that the rezoning would be detrimental to the public interest. The circuit court found that the changes cited by the Council "amount[ed] to nothing," and that the rezoning would be detrimental to the public interest. As a result, the circuit court found that the Council's

decision to rezone was invalid, as its determination that there had been a substantial change in the neighborhood was erroneous and not fairly debatable. Bowman subsequently filed the instant appeal.

## Discussion

### I.

Bowman argues that Moser did not have standing to challenge the rezoning order in the circuit court, therefore, the circuit court's findings in this case should be vacated. Moser counters that he did have standing to contest the rezoning, and the circuit court's reversal was appropriate.

Md. Rule 8–131(a) makes clear that

[o]rdinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal.

Md. Rule 8–131(a). In limited circumstances, the appellate court may rule on issues not raised at trial. *State v. Bell*, 334 Md. 178, 188, 638 A.2d 107 (1994). The decision on when to review an issue not raised at trial, however, is within the discretion of the appellate court. *Davis v. DiPino*, 337 Md. 642, 648, 655 A.2d 401 (1995).

Bowman admits that the question of standing was not raised in the circuit court. After examination of the record, we choose not to exercise our discretion and decline to review the issue of Moser's standing to contest the rezoning.

### II.

Appellant asserts that the circuit court exceeded the scope of its authority by substituting its own judgment for that of the Council and finding that the Council's conclusion that there had been a change in the neighborhood was erroneous

and not fairly debatable. Moser maintains that the circuit court did not err by making this finding.

In zoning matters, the zoning agency is considered to be the expert in the assessment of the evidence, not the court. *Colao v. County Council of Prince George's County,* 109 Md.App. 431, 458, 675 A.2d 148 (1996). This is based on the theory that zoning matters are essentially legislative functions. *White v. Spring,* 109 Md.App. 692, 699, 675 A.2d 1023 (1996). The circuit court, therefore, may not substitute its judgment for that of the legislative agency if the issue is rendered fairly debatable. *Colao,* 109 Md.App. at 458, 675 A.2d 148; *White,* 109 Md.App. at 700, 675 A.2d 1023. An issue is fairly debatable if it is supported by substantial evidence, such that a reasonable mind might accept as adequate to support a conclusion, even if there is substantial evidence to the contrary. *See Enviro–Gro Technologies v. Bockelmann,* 88 Md.App. 323, 335, 594 A.2d 1190, *cert. denied,* 325 Md. 94, 599 A.2d 447 (1991).

In its Opinion and Findings of Fact, the Council found that there had been changes in the character of the neighborhood surrounding the property "of such a substantial change that they justify the rezoning to the C–2 (Commercial) zoning." The Council cited several facts as the basis for this finding, mentioning, *inter alia,* rezonings, road upgrades, and new or modified infrastructure.

The circuit court focused its analysis on the question of whether the Council had legally sufficient evidence before it to justify a finding of substantial change in character. The first change recognized by the Council that the circuit court chose to discuss was the rezoning of the area south and southwest of the subject property. The circuit court characterized this change as a "paper change" and stated that "[t]he mere providing of a new zoning designation does not in and of itself constitute change of a substantial character."

The circuit court also discounted the intersection and interstate upgrades as evidence of change. The circuit court gave the same reason for rejecting this evidence as it did when

rejecting the rezoning of the neighboring property, that, in and of themselves, the upgrades did not amount to substantial change.

Another change relied on by the Council was the extension of water and sewer lines to the subject property. The circuit court conceded that evidence of this type may be considered as cumulative evidence of a change in character. It went on, however, to find that extensions of sewer and water lines, in and of themselves, are not sufficient to justify a finding of a substantial change in character.

The circuit court should have evaluated the changes cumulatively, determining whether the aggregate changes in the character of the neighborhood since the last zoning were such as to make the question fairly debatable. *See County Comm'rs of Howard County v. Merryman,* 222 Md. 314, 321, 159 A.2d 854 (1960); *cf. Town of Somerset v. County Council for Montgomery,* 229 Md. 42, 48, 181 A.2d 671 (1962) (upholding a zoning agency's decision to rezone in which the agency based its finding on the cumulative changes occurring since the prior zoning).

This method is consistent with the principle that the circuit court must consider all of the evidence before the zoning authority and find that the decision is fairly debatable if it is supported by substantial evidence in the record taken as a whole. *Sedney v. Lloyd,* 44 Md.App. 633, 637 n. 6, 410 A.2d 616 (1980). This court confirmed this premise in *Montgomery County v. Greater Colesville Citizens Assoc.,* 70 Md.App. 374, 521 A.2d 770 (1987), in which we stated, "Whether substantial evidence exists to support the decision, either to grant or to deny the rezoning, may not be determined in isolation; rather the decision is to be reviewed in light of the zoning scheme and the record as a whole." *Id.* at 385, 521 A.2d 770.

The circuit court in the instant case, however, evaluated each change individually and stated that, in and of itself, each change was not sufficient to justify a finding of substantial change in character of the neighborhood. The circuit court artificially isolated the changes relied on by the Council, then

stated that, taken in isolation, each change was not sufficient to justify the Council's finding.

The Council, on the other hand, considered these and other pertinent facts in concert. Taken in their totality, the facts examined by the Council support the proposition that there had been substantial change. When we consider the cumulative effect of these changes, and the record on the whole, it is clear that the Council had sufficient evidence before it on which to base its finding that there had been a substantial change in the character of the neighborhood surrounding the subject property.

The fairly debatable standard gives great deference to the administrative agency and prevents overturning an administrative decision absent arbitrary and capricious action. In this case, the circuit court did not afford the Council the proper deference and substituted its own judgment for that of the Council. The reversal of the rezoning of the subject property based on the lack of substantial change was, therefore, error.

### III.

Bowman insists that the circuit court erred when it concluded that the projected traffic conditions resulting from the proposed rezoning would be detrimental to the public interest. Moser counters that the evidence supports the circuit court's finding that this rezoning would be detrimental to the public interest.

 An applicant requesting a rezoning of an area has the burden of proving to the zoning agency that his or her proposed use would not be a real detriment to the public interest. *See Harford County v. Earl E. Preston, Jr., Inc.,* 322 Md. 493, 498, 588 A.2d 772 (1991). If the evidence makes the question of harm or disturbance fairly debatable, then the question is one for the zoning agency to decide. *Id.* at 499, 588 A.2d 772. As previously discussed, fairly debatable review requires that the circuit court defer to a finding of this nature unless the zoning agency acted arbitrarily and capriciously.

*Colao,* 109 Md.App. at 459, 675 A.2d 148; *Enviro–Gro Technologies,* 88 Md.App. at 335, 594 A.2d 1190.

In the instant case, both sides presented evidence. Bowman offered, *inter alia,* experts who stated that the traffic would not be significantly adversely affected by the rezoning and the report by the State Highway Administration that it had no objection to the rezoning application. Moser presented contradictory evidence, including testimony by various lay witnesses that the proposed rezoning would have disastrous traffic consequences. The Council's task was to evaluate this evidence and make a factual decision. The Council fulfilled this function, and decided to rezone the property.

The circuit court discounted the Council's finding and instead gave credence to the testimony proffered by Moser. This was improper. The circuit court cannot reject the Council's finding simply because it disagreed with the Council's interpretation of the evidence. The circuit court is only allowed to disturb a rezoning agency's finding if that finding was arbitrary, capricious, and not based on substantial evidence. The presence of substantial evidence in support of both positions, as is evident in the instant case, means that the issue is fairly debatable. The circuit court, therefore, erred by imposing its own judgment in place of that of the Council to make the finding that the projected rezoning would be detrimental to the public interest.

## IV.

In the alternative, Bowman maintains that the rezoning was justified as substantial evidence demonstrates a "mistake" or "error" in Hagerstown's comprehensive zoning of the property in 1977. Earlier, we held that the circuit court erred in its findings as to substantial change and detriment to the public interest. In light of those holdings, we now decline to rule on the merits of Bowman's alternative argument for relief.

## V.

Moser has moved to strike Bowman's reply brief based on Bowman's filing the brief one day late. In view of the fact

that the late filing did not cause any inconvenience to the Court or the parties, we exercise our discretion to deny this motion.

**JUDGMENT REVERSED.**

**COSTS TO BE PAID BY APPELLEE.**