703 A.2d 1350

**Kenneth Harold DUCKWORTH**

v.

**DISTRICT COURT OF MARYLAND.**

No. 386, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Jan. 9, 1998.

Denise Oakes Shaffer, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellant.

Ann M. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Lawrence V. Kelly, State's Atty., for Allegany County, Cumberland, on the brief), for Appellee.

Submitted before WENNER, HARRELL and SONNER, JJ.

WENNER, Judge.

Appellant, Kenneth Harold Duckworth, appeals the dismissal by the Circuit Court for Allegany County of his petition for a writ of certiorari, upon determining the District Court of Maryland for Allegany County had correctly denied his demand for a jury trial pursuant to Maryland Code Annotated § 4–302 of the Courts and Judicial Proceedings Article (CJP). On appeal, appellant raises the following issues:

I. Does the issue of merger of offenses have any bearing on whether [appellant] is entitled to a jury trial?

II. Did the circuit court properly conclude that [appellant] is not entitled to a jury trial?

Finding no error, we shall affirm the judgment of the circuit court.

## Facts

On 2 August 1996, appellant's van collided with Charlotte Shook's parked car. Although Shook's car was damaged, appellant left the scene without endeavoring to determine the extent of the damages.[1] Appellant was charged with violating

---

1. Fortunately for Ms. Shook, she observed from her front porch the entire episode. When appellant failed to stop, she contacted the police who eventually apprehended appellant.

§ 20–105(a), (b), and (c) of the Transportation Article of the Maryland Code Annotated,[2] and his demand for a jury trial pursuant to CJP § 4–302, was denied. Appellant then filed a petition for a writ of certiorari with the Circuit Court for Allegany County, seeking review of the district court's decision. After the circuit court affirmed the decision of the district court, appellant noted this appeal.

## I.

The first issue raised on appeal was not raised in either the district or the circuit court. Although appellant challenges the State's having charged him with three violations of § 20–105, we decline to address the issue. Rule 8–131(a) provides in relevant part: "Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court." In *State v. Bell*, 334 Md. 178, 188, 638 A.2d 107 (1994), the Court of Appeals said, "It is clear from the plain language of Rule 8–131(a) that an appellate court's review of arguments not raised at the trial level is discretionary, not mandatory." Since this issue was not raised in the trial courts, we consider it neither necessary nor desirable to be considered on appeal.

## II.

We agree with the circuit court that appellant's demand for a jury trial was properly denied by the district court.[3] CJP § 4–302(e)(2) provides in relevant part that "un-

---

**2.** Section 20–105 creates three separate duties for motorists who damage unattended property: (1) the motorist must stop at the scene; (2) the motorist must attempt to locate the owner of the unattended property; and (3) if unable to do so, a written notice must be left on the property for the owner. One convicted of violating § 20–105 is subject to a fine of $500 or imprisonment for not more than two (2) months or both. Md.Code Ann., Transp.II, § 27–101 (1996).

**3.** The circuit court relied on the decision of the U.S. Supreme Court in *Lewis v. U.S.*, 518 U.S. 322, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). Although we find it to be instructive, *Lewis* deals with the Court's interpretation of the Sixth Amendment to the U.S. Constitution, which

less the penalty for *the offense* with which defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case." Md.Code Ann., Cts. & Jud. Proc. § 4–302(e)(2) (1995)(emphasis added). According to appellant, this language is ambiguous. Thus, he believes we should apply the rule of lenity and adopt his position. In appellant's view, use of the phrase "the offense" makes it unclear whether charges should be considered individually or in the aggregate. Appellant believes the General Assembly should have preceded "offense" with "an" rather than "the" had it intended to preclude the aggregation of charges. We disagree.

 "The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intention" and "the language of the statute itself is the primary source of this intent." *Privette v. State,* 320 Md. 738, 744, 580 A.2d 188 (1990). "The words used in a statute are to be given 'their ordinary and popularly understood meaning, absent a manifest contrary legislative intention.'" *Klingenberg v. Klingenberg,* 342 Md. 315, 327, 675 A.2d 551 (1996) (quoting *In re Arnold M.,* 298 Md. 515, 520, 471 A.2d 313 (1984)). The intent of the General Assembly in enacting § 4–302(e)(2) is clear from its language. While appellant emphasizes "the," we believe "offense" to be the controlling word. In our view, as "offense" is used in the singular, the intent of the General Assembly in enacting § 4–302(e)(2) is that each charge be considered separately. Had the General Assembly intended to the contrary, it could have simply added an "s" to "offense." [4] While § 4–302(e)(2) may have been inartfully drafted, we believe its language so clearly demonstrates the intent of the General Assembly, we see no need to delve into its history.

---

is not here an issue. Consequently, we will affirm on other grounds the decision of the circuit court. *Pope v. School Commissioners,* 106 Md.App. 578, 665 A.2d 713 (1995).

**4.** Appellant concedes that making offense plural would have been the clearest way for the legislature to demonstrate its intention to allow aggregation.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.