716 A.2d 1063

**Vaughn D. GITTIN**

v.

**Jan Marie HAUGHT–BINGHAM.**

**No. 1561, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Aug. 31, 1998.

Janis R. Harvey, Baltimore, for appellant.

Francis J. Ford (Ford & Chervenak on the brief), Rockville, for appellee.

Argued before MOYLAN and KENNEY, JJ., and JOHN J. BISHOP, Judge (retired), Specially Assigned.

KENNEY, Judge.

Appellant, Vaughn D. Gittin, filed suit in the Circuit Court for Prince George's County against appellee, Jan Marie Haught–Bingham, alleging that she operated her automobile in a negligent manner causing injury to his person and damage to his motorcycle. Appellee denied any negligence and also invoked the defense of contributory negligence. After a trial that lasted less than one day, the jury returned a verdict in favor of appellee, finding that appellee was not negligent and that appellant was contributorily negligent.

Appellant filed a timely appeal in which he raises two questions for our review, which we have rephrased as follows:

I.  Was the evidence sufficient to prove that appellant was contributorily negligent under the circumstances of the case?

II.  Was the evidence sufficient to sustain the jury's verdict that appellee was not primarily negligent?

Finding that appellant failed to preserve his challenges for our consideration, we will affirm the trial court's judgment.

## FACTS

On May 11, 1994, at approximately 5:00 to 5:30 p.m., appellant was riding his motorcycle eastbound on Cherry Hill Road in Beltsville, headed toward the intersection of that road and Route 1. As appellant approached the intersection, the single eastbound travel lane widened to form a left turn only lane. Appellant intended to continue traveling east on Cherry Hill Road to make a right turn onto Route 1. According to appellant, the traffic in front of him began to merge toward the left turn only lane. He proceeded "straight" past the left-turning traffic that was now stopped.

Meanwhile, appellee was in the westbound lane of Cherry Hill Road, attempting to turn left at the intersection of that road and Autoville Road. Appellee was moving slowly between two cars that were stopped in the eastbound lane, waiting to turn left onto Route 1. Appellant noticed appellee's

car when he was approximately 20 to 30 yards away. He recalled that he "started to slow down" when he saw her and attempted to make eye contact with her. He noticed that she had furniture in the car that appeared to obstruct her view of oncoming traffic. According to appellant's testimony, appellee continued to complete the turn, hitting appellant's foot with the left front bumper of her car. He testified that the bumper "creamed all the way down the motorcycle ... kicking the rear wheel out to the right." Appellant maintained that he was the favored driver, that he was not speeding, and that he was in a legitimate travel lane when the accident occurred.

Appellee testified that there is only one eastbound travel lane on Cherry Hill Road, but that, on previous occasions, she had seen drivers maneuver around stopped traffic near that intersection. She observed that traffic in the eastbound lane was "backed up" as far as she could see. As she proceeded to move slowly between two stopped cars, she heard the sound of a motorcycle engine. According to appellee, she had made a partial turn and was stopped when she saw appellant's motorcycle approximately two to three car lengths away. She did not perceive that he changed speeds as he approached. Rather, she saw appellant drive directly into the front of her stopped vehicle. She admitted that there was furniture in the car, but denied that her view was obstructed.

Appellant did not make a motion for judgment at the close of evidence, nor did he note exceptions to the trial court's jury instructions.

## ANALYSIS

Appellant asks this Court to reverse the judgment of the trial court and to determine, as a matter of law, that he was not contributorily negligent and that appellee was negligent. In support of the requested relief, he argues several points related to the sufficiency of the evidence to sustain the jury's verdict. In response, appellee states that appellant failed to preserve his questions for appellate review.

Ordinarily, an appellate court will review an issue other than jurisdiction only if it plainly appears from the record that the issue was raised in or decided in the trial court. Md. Rule 8–131(a); *Duckworth v. District Court of Maryland,* 119 Md.App. 73, 75, 703 A.2d 1350 (1998). See *Beeman v. Department of Health & Mental Hygiene,* 107 Md.App. 122, 666 A.2d 1314 (1995) (holding that extraordinary but limited exception may occur when case is to be remanded for further proceedings). In limited circumstances, the appellate court in its discretion may rule on issues not raised at trial. *State v. Bell,* 334 Md. 178, 188, 638 A.2d 107 (1994) (declining to review probable cause for search); *Bowman Group v. Moser,* 112 Md.App. 694, 698, 686 A.2d 643 (1996), *cert. denied,* 344 Md. 568, 688 A.2d 446 (1997) (declining to review standing in rezoning case). See *Sider v. Sider,* 334 Md. 512, 639 A.2d 1076 (1994) (exercising discretion to consider issue of paternity in custody case); and *Alexander & Alexander, Inc. v. Evander & Associates, Inc.,* 88 Md.App. 672, 596 A.2d 687 (1991), *cert denied* 326 Md. 435, 605 A.2d 137 (1992) (exercising discretion to consider punitive damages with regard to due process violation). The decision of when to review an issue not raised at trial, however, is within the discretion of the appellate court. *Davis v. DiPino,* 337 Md. 642, 648, 655 A.2d 401 (1995); *Bowman,* 112 Md.App. at 698, 686 A.2d 643.

Appellant argues that as a matter of law he was not contributorily negligent and that appellee was negligent; therefore, the evidence was not sufficient to support the jury's verdict. In order to preserve for appellate review the evidentiary sufficiency issues he now raises, appellant was required specifically to make a motion for judgment pursuant to Md. Rule 2–519 at the close of all evidence. In that motion, he would have to state with particularity all reasons why the motion should be granted. *Fearnow v. Chesapeake & Potomac Telephone Co.,* 104 Md.App. 1, 655 A.2d 1 (1995), *aff'd in part and rev'd in part,* 342 Md. 363, 676 A.2d 65 (1996); *Larche v. Car Wholesalers, Inc.,* 80 Md.App. 322, 328, 562 A.2d 1305 (1989). As we stated in *Fearnow,* "These procedur-

al safeguards are necessary to ensure that the opposing party is not 'sandbagged.'" *Id.* at 27, 655 A.2d 1. Had appellant done as the rule requires, the trial court could have ruled on some or all of the legal issues in the case, thus removing them from the jury's consideration. He made no such motion.

In order to preserve his contentions concerning the law that should have governed the jury's deliberations, appellant was required to note exceptions to the trial court's jury instructions. Md. Rule 2–520(e); *Podolski v. Sibley,* 12 Md. App. 642, 280 A.2d 294 (1971). Instead, appellant approved of the instructions as delivered. Maryland Rule 2–520(e) states:

(e) *Objections.* No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection. Upon request of any party, the court shall receive objections out of the hearing of the jury.

Having neither moved for judgment nor objected to the jury instructions, appellant is precluded from arguing that the jury's verdict was in error.

Appellant concedes that he did not preserve for review either of the errors he now alleges. Nevertheless, he asserts that we should entertain his appeal on the basis of "plain error" in order to avoid a "manifest miscarriage of justice." Appellant urges that this Court has the discretion to consider a "plain error" appeal in the civil context, although he admits that there is "little precedent in the Maryland appellate courts for his claim."

Appellant's acknowledgment is especially true in regard to jury instructions, the context in which the "plain error" concept is most often discussed. In *Nesbitt v. Bethesda Country Club, Inc.,* 20 Md.App. 226, 233, 314 A.2d 738 (1974) (quoting Md. Rule 756(g) [now Md. Rule 4–325(e) ] ), we clarified that while "[i]n criminal matters we are permitted to '... take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error

was not objected to as provided ... [,]' [s]uch discretion is not applicable in civil matters." A "plain error" exception is clearly provided for in Md. Rule 4–325(e), which states: "An appellate court, on its own initiative or on the suggestion of a party, may however take cognizance of any plain error in the instruction, material to the rights of the defendant, despite a failure to object." Significantly, there is no corresponding provision in Md. Rule 2–520(e).

While there is some support for the imposition of a "plain error"-type doctrine in civil cases reported by the Fourth Circuit Court of Appeals and other federal courts,[1] no Maryland court has adopted the "plain error" approach urged by appellant and no Maryland procedural rule provides the relief appellant seeks. As the Court of Appeals said in *Bell:*

This Court has stated often that the primary purpose of Rule 8–131(a) is 'to ensure fairness for all parties in a case and to promote the orderly administration of law.' The interests of fairness are furthered by 'requir[ing] counsel to bring the position of their client to the attention of the lower court at the trial so that the trial court can pass upon, and possibly correct any errors in the proceedings.' Although it is clear that an appellate court does have the discretion to affirm a decision on a ground not raised below, this discre-

---

1. *See Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp.,* 41 F.3d 182 (4th Cir.1994) (An absolute failure to move for judgment as a matter of law limits appellate review "to whether there was any evidence to support the jury's verdict irrespective of its sufficiency, or whether plain error was committed, which, if not noticed, would result in a 'manifest miscarriage of justice.' "); *Singer v. Dungan,* 45 F.3d 823 (4th Cir.1995) (where appellant failed to move for judgment as a matter of law, federal courts "may consider an issue for the first time on appeal "if the error is 'plain' and if ... refusal to consider such would result in the denial of fundamental justice"); *Benner v. Nationwide Mut. Ins. Co.,* 93 F.3d 1228 (4th Cir.1996) (failure to renew motion for judgment limits federal court's remedial power but not its ability to review the alleged error); *In re Celotex Corp.,* 124 F.3d 619 (4th Cir.1997) (judicially created civil version of "plain error" doctrine grants federal courts discretion "to correct an error not raised below in a civil case").

tion should be exercised only when it is clear that it will not work an unfair prejudice to the parties or to the court. *Id.* at 189, 638 A.2d 107 (citations omitted, footnote omitted).

■■ Whatever limited discretion an appellate court may have to consider unpreserved issues pursuant to Md. Rule 8–131(a) such discretion should be exercised only in extraordinary circumstances and within the bounds of fairness to both parties and to the court, not just to the party seeking the exercise of that discretion. We are not persuaded that the circumstances and facts of this case require a departure from established precedent. The requirements of the applicable rules are long standing and clear. The applicable law is not in transition. Therefore, as no error was preserved for our review, we will affirm the judgment of the trial court.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**