711 A.2d 1346

COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY,
Maryland, Sitting as the District Council

v.

BRANDYWINE ENTERPRISES, INC.

No. 74, Sept. Term, 1996.

Court of Appeals of Maryland.

June 29, 1998.

Joyce B. Nichols, Principal Counsel, Upper Marlboro, for Petitioner.

Lawrence N. Taub (Michael S. Nagy, Krauser & Taub, on brief), Landover, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI *, RAKER and WILNER, JJ.

ELDRIDGE, Judge.

This case arises out of the denial of an application for a special exception for sand and gravel mining in Prince George's County. The zoning hearing examiner approved the application with supporting findings of fact and conclusions of law. On appeal, the County Council of Prince George's County, sitting as a district council, failed to take any action and rendered no findings of fact or conclusions of law. Under a local zoning regulation, as interpreted by the district council, this failure to act operated as a denial of the application. The question before us concerns the legality of the denial under the circumstances.

---

* Karwacki, J., now retired, participated in the hearing of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and the adoption of the opinion.

## I.

The Regional District Act, Maryland Code (1957, 1997 Repl.Vol., 1997 Supp.), Art. 28, §§ 1–101 through 8–127, is the exclusive source of zoning authority in those areas of Prince George's County which it covers. *Prince George's County v. Maryland–Nat'l Capital Park and Planning Comm'n,* 269 Md. 202, 225–236, 306 A.2d 223, 226, *cert. denied,* 414 U.S. 1068, 94 S.Ct. 577, 38 L.Ed.2d 473 (1973). *See also Montgomery County v. Revere,* 341 Md. 366, 383–384, 671 A.2d 1, 9–10 (1996); *Mossburg v. Montgomery County,* 329 Md. 494, 502, 620 A.2d 886, 890 (1993). The Regional District Act authorizes the County Council to sit as a district council in zoning matters, and, when it does so, it is acting as an administrative agency, *Montgomery County v. Revere, supra,* 341 Md. at 384, 671 A.2d at 10. In Prince George's County, pursuant to § 8–110(a) of the Act, a zoning hearing examiner initially decides applications for special exceptions. Section 8–110(a)(3) goes on to provide that "in Prince George's County the district council shall provide for the appeal of decisions of the zoning hearing examiner in special exception and variance cases to the district council."

Turning to the facts of this case, on November 14, 1989, Brandywine Enterprises filed an application for a special exception to conduct a sand and gravel mining operation on 77.64 acres of land in Aquasco in Prince George's County. The land in question, consisting mostly of undeveloped woodlands, is zoned O–S (open space), and is surrounded by farms, undeveloped woodlands, and some single-family residences.

After two reports by the technical staff of the Maryland–National Capital Park and Planning Commission recommending approval, and a resolution by the Planning Board recommending that the application be denied, and after three hearings before the zoning hearing examiner, the hearing examiner granted the special exception subject to certain conditions. The zoning hearing examiner issued two extensive opinions making detailed findings of fact and conclusions of law.[1] Specifically, the zoning hearing examiner made find-

---

1. After the zoning hearing examiner's initial opinion, the case was remanded by the district council for an amended technical staff report

ings concerning (1) the neighborhood of the subject property, including other special exceptions for surface mining granted in the area, (2) the Master Plan for the area which stated an intent that sand and gravel mining be given priority over other land uses, (3) the effects of the proposed mining operation on traffic in the area, (4) the geology of the site, (5) the effects on air quality, (6) noise, (7) tree conservation, (8) historic sites in the area, and (9) opposition to the application. Based on ten single-spaced pages of factual findings, the zoning hearing examiner concluded as follows:

"The testimony in the instant case is similar to that testimony which is presented in most sand and gravel mining requests. The case is not unique. All such operations have trucks traveling the roads to and from the mining site and utilize excavation equipment on site. All sand and gravel operations use substantially the same amount and type of equipment and have dust and exhausts that become airborne. The applicant has shown that all potential pollutants are within accepted governmental standards—even for particularly sensitive individuals. The complaints made by the opposition show no adverse effect upon the neighborhood—the area has been consistently used for sand and gravel mining operations in the past; the existing traffic situation will not be overburdened by the operation; the hours of operation are limited to weekday business hours; the mining operation will operate within the state regulations for noise and state and national standards regarding dust pollutants; the mining will not affect ground water levels nor pollute the ground water. Any disturbance by this special exception will be routine for sand and gravel mining operations which are permitted by special exception in all residential zones. There is no special characteristic of this

correcting errors made in a countywide survey of sand and gravel mining or wet-washing operations and landfills approved as special exceptions or certified nonconforming uses after September 6, 1974.

neighborhood.... There is nothing different or unique in this case."

An appeal of the zoning hearing examiner's decision to the district council was taken by Raymond Richards, a local resident who had opposed the special exception application before the zoning hearing examiner. After oral argument, the district council was unable to reach a decision on whether the special exception should be granted or denied. The district council then issued a form entitled "Notice of Denial" which stated as follows:

"Pursuant to the provisions of Sec. 27–132(d)(2) of the Zoning Ordinance, a zoning matter shall be considered to have been denied if the district council fails to render a final decision in accordance with the time limit and voting requirements.

"The above-referenced application/appeal appeared on the district council's agenda for final action on May 24, 1994; however, the council was unable to render a final decision. "You are hereby notified that as of July 1, 1994, said application/appeal is denied by operation of the aforementioned provisions."

This decision contained no findings of fact or conclusions of law supporting the denial.

Brandywine then sought judicial review in the Circuit Court for Prince George's County. Brandywine argued, *inter alia*, that the inability of the district council to reach a decision did not result in a denial of its special exception *application* under the local zoning regulation, § 27–132(d)(2) of the Prince George's County Code, but resulted in a denial of the *appeal* from the zoning hearing examiner's decision. Therefore, Brandywine argued, the application should be deemed approved as decided by the zoning hearing examiner. Brandywine argued alternatively that if the failure of the district council to act resulted in a denial of the application under the local zoning regulation, then that denial was unlawful, arbitrary, capricious and unsupported by substantial evidence, especially in light of the zoning hearing examiner's findings

and conclusions supporting approval. The circuit court reversed the district council's decision by order dated May 18, 1995, because of "insufficient evidence in the record to render the council's decision fairly debatable." The circuit court remanded the case to the district council with instructions to approve the application.

The district council then appealed to the Court of Special Appeals which affirmed. *Prince George's County v. Brandywine*, 109 Md.App. 599, 675 A.2d 585 (1996). The intermediate appellate court determined that the inaction by the district council resulted in a denial of the appeal from the zoning hearing examiner's decision, and not a denial of the special exception application. Thus, the intermediate appellate court concluded, the zoning hearing examiner's decision was sustained by the district council's inaction, resulting in approval of the special exception application. The court reached this result based on its analysis of the Prince George's County zoning regulations as well as the Regional District Act.

The district council then filed a petition for a writ of certiorari which this Court granted. *County Council of Prince George's County v. Brandywine*, 343 Md. 566, 683 A.2d 178 (1996).

The district council argues in this Court that the Court of Special Appeals incorrectly interpreted § 27–132(d)(2) of the Prince George's County Code and the Regional District Act, in concluding that the inaction by the council resulted in a denial of the special exception appeal and not the special exception application. The local zoning regulation, § 27–132(d)(2), states that

"[i]f the district council fails to render a final decision in accordance with the time limit and voting requirements of this Section, the zoning matter shall be considered to have been denied, unless otherwise specified ... This shall not be applicable to the adoption of text amendments."

The district council maintains that the words "zoning matter" in § 27–132(d)(2) refer to the application for a special exception and not the appeal from the zoning hearing examiner's

decision. The district council also argues that such result is mandated by a recent amendment to § 27–132, passed by the district council while this case was pending on appeal, which explicitly states that "the application shall be considered to have been denied." The district council claims that this result is consistent with the Regional District Act and with this Court's decisions under that Act. Consequently, the district council reasons, "[t]he only inquiry ... [is] whether, given the statutory denial, the record makes the statutory denial unreasonable, arbitrary or capricious." According to the district council, a reviewing court must search the record for any evidence which could support a denial. It argues that if this Court locates even a "scintilla of [such] evidence" then we must reverse the lower courts and affirm the denial of the application, despite the lack of findings of fact and conclusions of law by the district council explaining its reasons for the denial.

Brandywine argues that the Court of Special Appeals correctly interpreted § 27–132(d)(2) and that the recent amendment has no effect on the resolution of this case. It further argues that, even if the district council's interpretation of the regulation is correct, the circuit court properly concluded that the district council's decision was unsupported by substantial evidence. Additionally, Brandywine argues that the denial of the special exception application was unlawful, arbitrary and capricious.

## II.

As mentioned previously, the Regional District Act is the exclusive source of zoning authority in those areas of Prince George's County located within the Regional District. Therefore, " 'any enactment concerning zoning in the county, which is at variance with the Regional District Act, is inoperative within the district.' " *Mossburg v. Montgomery County, supra,* 329 Md. at 502, 620 A.2d at 890, quoting *Chevy Chase View v. Rothman,* 323 Md. 674, 685, 594 A.2d 1131, 1136 (1991).

█ The provision of the Regional District Act governing the resolution of the instant case is § 8–123. That section states that

"[i]n Prince George's County, no application for a map amendment or special exception, which is contested, may be granted or denied except upon written findings of basic facts and written conclusions."

This provision makes clear that, when the zoning hearing examiner grants a contested special exception application, and there is an appeal, a statutory denial of the application by the district council, with no written findings of fact or conclusions of law, is not authorized by the Regional District Act.

█ Section 8–123 of the Regional District Act plainly mandates that when a decision is rendered in a contested application for a special exception, whether granting or denying the application, written findings of fact and conclusions must be provided. No provision is made in § 8–123 for a "statutory denial" or any other type of approval or denial without written findings and conclusions supporting the action. Any provisions of the Prince George's County zoning regulations which are at variance with this section of the Regional District Act are inoperative. Accordingly, to the extent that the local zoning regulation, § 27–132(d)(2) of the Prince George's County Code, allows the district council to deny a special exception without there being any written findings and conclusions supporting the denial, the regulation is inconsistent with the Regional District Act and is invalid.

This conclusion is supported not only by the plain language of the Regional District Act, but also by this Court's decisions. In *Mossburg v. Montgomery County, supra,* 329 Md. at 506–508, 620 A.2d at 892–893, the Court was called upon to review the propriety of a county zoning ordinance requiring a supermajority vote by the Montgomery County Board of Appeals for the approval of a special exception application. We held that the supermajority requirement was invalid as not authorized by the Regional District Act, in part because of the nature of the special exception application process. In partic-

ular, this Court noted that "a special exception administrative proceeding is adjudicatory, [and] is subject to full judicial review." 329 Md. at 506, 620 A.2d at 892. We further pointed out that specific findings of fact and conclusions of law are necessary for meaningful judicial review. Referring to Judge Karwacki's opinion for the Court in *Harford County v. Preston,* 322 Md. 493, 505, 588 A.2d 772, 778 (1991), we stated that (329 Md. at 507–508, 620 A.2d at 893)

"the 'requirement' of 'specific written findings of fact and conclusions of law' is

'in recognition of the fundamental right of a party to a proceeding before an administrative agency to be apprised of the facts relied upon by the agency in reaching its decision and to permit meaningful judicial review of those findings. In a judicial review of administrative action the court may only uphold the agency order if it is sustained by the agency's findings and for the reasons stated by the agency . . . .' ·

"Where there is a supermajority requirement, however, and where (as in the case at bar) a majority but not a supermajority of the Board of Appeals votes to grant an application, there will usually be no findings of fact or conclusions of law setting forth the basis for the agency's denial. Furthermore, the settled principle that an agency's decision will be judicially reviewed only on the grounds relied upon by the agency cannot be adhered to under such circumstances. In addition, while there may be in a particular case substantial evidence supporting the denial of an application on a certain ground, such ground may not have been the basis for the minority votes. In fact, the two minority members might not agree with each other."

This reasoning is fully applicable in the instant case. As in *Mossburg,* here it is impossible to review the district council's decision on the grounds relied upon by the agency because there are no grounds relied upon by the agency. There are no findings of fact and conclusions of law supporting the final administrative decision.

 The district council argues that we should search the record for any evidence which could support a denial of the application, and if we find any, then we should affirm the denial. Not only is this suggestion inconsistent with the Regional District Act, but it is contrary to the traditional method of judicial review of an administrative agency's adjudicatory decision. As we pointed out in *Mossburg, supra,* we will review an adjudicatory agency decision solely on the grounds relied upon by the agency. *See also Insurance Commissioner v. Equitable,* 339 Md. 596, 634, 664 A.2d 862, 881 (1995); *United Parcel v. People's Counsel,* 336 Md. 569, 585–587, 650 A.2d 226, 234–235 (1994); *Mossburg v. Montgomery County, supra,* 329 Md. at 507–508, 620 A.2d at 893; *Harford County v. Preston, supra,* 322 Md. at 505, 588 A.2d at 778; *Motor Vehicle Admin. v. Mohler,* 318 Md. 219, 231, 567 A.2d 929, 935 (1990); *Baltimore Heritage v. City of Baltimore,* 316 Md. 109, 113, 557 A.2d 256, 258 (1989); *United Steelworkers v. Beth. Steel,* 298 Md. 665, 679, 472 A.2d 62, 69 (1984); *Turner v. Hammond,* 270 Md. 41, 55–56, 310 A.2d 543, 551 (1973); *Pistorio v. Zoning Board,* 268 Md. 558, 570, 302 A.2d 614, 619 (1973). We review the agency's findings of fact to determine whether they are supported by substantial evidence, or are arbitrary or capricious. We review the agency's conclusions of law to determine whether the agency made an error of law. *See, e.g., Catonsville Nursing Home v. Loveman,* 349 Md. 560, 709 A.2d 749 (1998); *United Parcel v. People's Counsel, supra,* 336 Md. at 577, 650 A.2d at 230, and cases there cited. To affirm a denial of an application in a contested case, however, where there are no findings of fact or conclusions of law, would violate "the fundamental right of a party to a proceeding before an administrative agency to be apprised of the facts relied upon by the agency in reaching its decision...." *Harford County v. Preston, supra,* 322 Md. at 505, 588 A.2d at 778.

 Furthermore, the need for written findings and conclusions is particularly acute when a special exception application is denied because special exceptions are presumptively permitted uses. In *Schultz v. Pritts,* 291 Md. 1, 11, 22–23, 432

A.2d 1319, 1325, 1331 (1981), Judge Davidson, writing for the Court, set forth the principle as follows:

> "The special exception use is a part of the comprehensive zoning plan sharing the presumption that, as such, it is in the interest of the general welfare, and therefore, valid. The special exception use is a valid zoning mechanism that delegates to an administrative board a limited authority to allow enumerated uses which the legislature has determined to be permissible *absent any fact or circumstance negating the presumption.*

> \* \* \*

> "[T]he appropriate standard to be used in determining whether a requested special exception use would have an adverse effect and, therefore, should be denied is whether there are facts and circumstances that show that the particular use proposed at the particular location proposed would have any adverse effects above and beyond those inherently associated with such a special exception use irrespective of its location within the zone." (Emphasis in original).

Thus, any denial of a special exception must be based upon some facts or circumstances which negate the presumption that the special exception is in the interest of the general welfare. Findings of fact and conclusions of law are critical to an assessment of whether the presumption has been rebutted.

The district council relies on *Northampton v. Prince George's County,* 273 Md. 93, 327 A.2d 774 (1974), in support of its argument that written findings of fact and conclusions of law are not required when a special exception application is statutorily denied in Prince George's County. *Northampton* involved a statutory denial of a rezoning application as a result of inaction by the district council, with no written findings of fact or written conclusions. After concluding that the case was controlled by the Regional District Act, and not the County Charter, the Court analyzed whether the denial comported with the requirements of the Regional District Act. The relevant provision of the Regional District Act at that time

was codified in the Prince George's County Code of Public Local Laws, § 59–104, which, like current § 8–123, stated as follows:

"In Prince George's County, no application for a map amendment or special exception, which is contested, shall be granted or denied except upon written findings of basic facts and written conclusions."

This Court held that the lack of written findings of facts and written conclusions did not violate § 59–104 because, as the Court noted, the section only required written findings and conclusions in *contested* cases, whereas the rezoning application at issue in *Northampton* was uncontested. 273 Md. at 98–99, 327 A.2d at 778. This was a sufficient basis upon which to determine that no written findings and conclusions were required.[2] In the present case, the application was contested.

The district council also relies on *County Council v. Potomac Elec. Power*, 263 Md. 159, 282 A.2d 113 (1971), which involved a denial by the district council of a special exception application to erect and maintain an electric substation. That case, however, does not support the district council's arguments. First, the *Potomac Elec. Power* case did not involve an appeal from a decision by a zoning hearing examiner but was an original action by the district council. Second, this Court specifically pointed out in *Potomac Elec. Power* that the district council had violated the Regional District Act by failing to provide written findings and conclusions. 263 Md. at 166, 282 A.2d at 116. Based upon this, the Court could have remanded the case for findings and conclusions by the council. Nevertheless, the Court, in its discretion, held that since there was utterly no evidence anywhere in the record supporting a denial, the action of the council should be reversed, and the application should be granted.

---

**2.** The Court in *Northampton* alternatively went on to make the statement that no written findings and conclusions were required because the application was denied by operation of law as a result of inaction by the district council. As discussed previously, this statement cannot be squared with the language of the Regional District Act, and it is therefore disapproved.

The decision in *Potomac Elec. Power* in no way supports the district council in the instant case, however, because here the council is asking this Court to review the record and *affirm* the denial without the required findings and conclusions. Affirming an agency decision under these circumstances would be improper, especially in a case like the instant one where the district council's unsupported denial of the application is contrary to the zoning hearing examiner's decision granting the application, which contained detailed findings of fact and conclusions of law. As we stated in *Bd. of Co. Comm'rs for Prince George's County v. Ziegler,* 244 Md. 224, 229, 223 A.2d 255, 257–258 (1966),

> "[w]here, as seems to be the case here, the decision of the zoning authority is apparently contrary to the weight of the evidence introduced on behalf of the applicants for the special exception, the zoning authority should have stated the reasons for its action and included them in the record. When this is not done, the record should be remanded for the purpose of having the deficiency supplied."

Consequently, it is clear that the operation of the local zoning regulation, § 27–132(d)(2) of the Prince George's County Code, under the circumstances of this case, cannot be squared with the requirements of § 8–123 of the Regional District Act, inasmuch as the regulation permits the denial of a special exception application with no written findings of fact and conclusions of law supporting the denial. This is not to say, however, that the operation of such a local regulation will always be invalid. If the zoning hearing examiner had denied the application with written findings of fact and conclusions of law supporting the denial, and if Brandywine had appealed that decision to the district council, then the statutory denial may not have violated the requirement of written findings and conclusions because the denial by the district council may have been supported by the findings and conclusions of the zoning hearing examiner.

We therefore hold that the automatic statutory denial of the special exception application by the district council

under the circumstances here was contrary to the plain requirements of the Regional District Act and was invalid. We shall order that the denial be vacated and that the case be remanded to the district council to render a decision on the appeal with written findings of fact and conclusions of law. If the district council is unable to render such a decision because it is evenly divided, or fails to reach a decision for any other reason, the result will be an affirmance of the zoning hearing examiner's decision. *See, e.g., Levy v. Seven Slade, Inc.*, 234 Md. 145, 148–149, 198 A.2d 267, 269 (1964) ("the effect of the even division of the County Board of Appeals . . . was to leave the denial of the application by the Zoning Commissioner in force, and to make the Board's order [judicially reviewable in] the Circuit Court"); *Attorney Grievance Comm'n v. Mandel,* 294 Md. 560, 572–578, 451 A.2d 910, 916–919 (1982) ("Affirmance of a judgment where an appellate court is equally divided on an appeal is a commonly understood procedure"), and cases there cited.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AND REMAND THE CASE TO THE CIRCUIT COURT WITH FURTHER DIRECTIONS TO VACATE THE DECISION OF THE DISTRICT COUNCIL AND REMAND THE CASE TO THE DISTRICT COUNCIL FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. PETITIONER TO PAY THE COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.*