785 A.2d 747

**Thomas Michael BRODIE**

v.

**MOTOR VEHICLE ADMINISTRATION OF MARYLAND.**

No. 110, Sept. Term, 2000.

Court of Appeals of Maryland.

Dec. 3, 2001.

John Patrick Kudel (John Patrick Kudel, P.A., on the brief), Rockville, for petitioner.

Valerie Johnston Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of MD, on brief), Glen Burnie, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

ELDRIDGE, Judge.

Thomas Michael Brodie, a resident of Montgomery County, Maryland, is seeking appellate review of a judgment by the Circuit Court for Montgomery County upholding the revocation by the Motor Vehicle Administration ("MVA") of Brodie's license to drive.

The MVA initially revoked Brodie's license on April 21, 1998, for points that he had accumulated on his driving record following a 1997 conviction for driving while intoxicated and convictions for other motor vehicle offenses. On December 24, 1998, Brodie was again arrested for driving while intoxicated, and on September 17, 1999, he was convicted of this offense. The MVA subsequently assessed 12 points against Brodie on his Maryland driving record for this 1999 drunk driving conviction, and on November 2, 1999, it revoked Brodie's license a second time on the following grounds: (1) Brodie had accumulated 12 new points; (2) Brodie had continued to drive his automobile after the initial revocation of his license in 1998; (3) Brodie was an unfit and unsafe driver in light of his 1997 and 1999 convictions, as well as three drunk driving convictions prior to 1997.

Brodie requested a hearing before the Office of Administrative Hearings, and the hearing was held in March 2000 before an administrative law judge. At the hearing, Brodie argued that he had overcome his previous history of substance abuse and that, therefore, the MVA should not revoke his license a second time. The administrative law judge upheld the MVA's second revocation of Brodie's license on the grounds (1) that under Maryland Code (1977, 1999 Repl. Vol., 2001 Supp.),

§ 16–404(a)(3)(ii) of the Transportation Article, revocation of an individual's driver's license is required if the individual accumulates 12 points, and (2) that § 16–205(a)(1) of the Transportation Article authorizes the MVA to revoke the license of an individual who, *inter alia,* is convicted "of driving . . . a motor vehicle while under the influence of alcohol." The decision of the administrative law judge became the final administrative decision of the MVA. *See* § 12–104(e)(2) of the Transportation Article.

Brodie filed in the Circuit Court for Montgomery County an action for judicial review of the administrative decision. In the Circuit Court, Brodie did not challenge the grounds for the administrative decision, and he did not reiterate his argument that he had overcome his alcohol abuse problems. Instead, Brodie argued that the MVA may not revoke a driver's license when that license has already been revoked. The Circuit Court addressed the merits of this argument, rejected the argument, and affirmed the administrative decision.

Brodie filed in this Court a petition for a writ of certiorari which presented the single question of whether the MVA was authorized to revoke a driver's license when "the petitioner's license and privilege to drive were already revoked." (Petition for a writ of certiorari at 2). Believing that this was an important legal issue under the Maryland vehicle laws, Title 11 *et seq.* of the Transportation Article, we granted the petition. *Brodie v. Motor Vehicle Administration,* 362 Md. 187, 763 A.2d 734 (2000). We shall not, however, be able to reach the issue.

The petitioner Brodie concedes that the single legal question presented in his certiorari petition was never raised during the administrative proceedings. The issue of whether the MVA is statutorily authorized to revoke a driver's license which has already been revoked was raised for the first time in the Circuit Court.

As Chief Judge Bell for the Court recently emphasized in *Dept. of Health v. Campbell,* 364 Md. 108, 123, 771 A.2d 1051, 1060 (2001), in an action for judicial review of an

4

adjudicatory decision by an administrative agency, a reviewing court ordinarily

"may not pass upon issues presented to it for the first time on judicial review and that are not encompassed in the final decision of the administrative agency. Stated differently, a ... court will review an adjudicatory agency decision solely on the grounds relied upon by the agency."

See, e.g., County Council sitting as District Council v. Brandywine Enterprises, 350 Md. 339, 349, 711 A.2d 1346, 1351 (1998) ("we will review an adjudicatory agency decision solely on the grounds relied upon by the agency"); Insurance Commissioner v. Equitable, 339 Md. 596, 634, 664 A.2d 862, 881 (1995); United Parcel v. People's Counsel, 336 Md. 569, 585–87, 650 A.2d 226, 234–235 (1994); Mossburg v. Montgomery County, 329 Md. 494, 507–08, 620 A.2d 886, 893 (1993); Harford County v. Preston, Inc., 322 Md. 493, 505, 588 A.2d 772, 778 (1991), and cases there cited.

Since Brodie's entire challenge to the administrative decision was based on an issue not raised before the agency, the Circuit Court should have affirmed the administrative decision without reaching the issue. Dept. of Health v. Campbell, supra, 364 Md. at 123–124, 771 A.2d at 1060 ("Because the issue ... [was] presented to the Circuit Court for the first time and never raised ... [before] the Administrative Law Judges, that court erred in" ruling upon the issue). Likewise, we shall uphold the decisions below without reaching the only issue presented to us.

*JUDGMENT AFFIRMED. PETITIONER TO PAY COSTS.*