969 A.2d 1024

Victoria EVANS, et al.

v.

COUNTY COUNCIL OF PRINCE GEORGE'S, SITTING
AS the DISTRICT COUNCIL, et al.

No. 2887, Sept. Term, 2006.

Court of Special Appeals of Maryland.

April 30, 2009.

252

Carroll Holzer of Townsend, for appellant.

Steven M. Gilbert Principal Counsel of Upper Marlboro, for appellee.

Panel: SALMON, MEREDITH and LAWRENCE F. RODOWSKY, (Retired, specially assigned), JJ.

MEREDITH, J.

Appellants (two citizens of Prince George's County and the Prince George's County Federation of Civic Associations, all collectively referred to as "the citizens") filed a declaratory judgment action in the Circuit Court for Prince George's County to challenge the validity of Council Bill 90–2004 ("CB–90"), which amended the Prince George's County Zoning Ordinance.[1] The circuit court granted the County's motion to

1. The appellants are Victoria Evans, Kelly Canavan and Prince George's County Federation of Civic Associations. The appellees are

dismiss because the citizens had not exhausted their administrative remedies. We shall affirm.

## Facts and Procedural History

CB–90 was a zoning text amendment enacted by the Prince George's County Council, sitting as the District Council (hereinafter "the Council"), on November 11, 2004. The effective date of CB–90 was January 17, 2005. CB–90 amended the zoning ordinance to permit one-family detached housing for the elderly to be built in the Rural–Estate (R–E) zone pursuant to a special exception. But the potential special exception applies only to properties that: 1) contain a maximum of six acres; 2) are located in the county's "Developing Tier"; and 3) are not adjacent to property in the "R–O–S" or "O–S" zones (unless separated by an arterial roadway). According to the citizens, only one property in the R–E zone meets those requirements, and the owner of that property wishes to develop a retirement community on the property. If the special exception created by CB–90 is granted, the housing density would be greater than elsewhere in the zone.

After CB–90 was enacted, the citizens did not seek judicial review pursuant to Maryland Code, Article 28, § 8–106(e), which provides:

*Appeals authorized.*—In Prince George's County, any incorporated municipality located in Prince George's County, any person or taxpayer in Prince George's County, any civic or homeowners association representing property owners affected by a final district council decision, and, if aggrieved, the applicant may have judicial review of any final decision of the district council. Proceedings for review shall be instituted by filing a petition in the Circuit Court of Prince George's County within 30 days after service of the final decision of the district council, which may be served upon all persons of record at the district council's hearing. Copies of the petition shall be served on the district council and all

County Council of Prince George's County, Maryland, sitting as the District Council, and Prince George's County, Maryland.

other persons of record in the manner provided by the rules of court. The filing of the petition does not stay enforcement of the district council's decision; but the district council may do so, or the reviewing court may order a stay upon terms it deems proper.

On February 14, 2006, the citizens filed this action in the Circuit Court for Prince George's County against both the Council and the County. The citizens' complaint alleged that CB–90 is invalid because it "was not the product of careful study and consideration, does not cover a substantial area, does not promote uniformity in the use of R–E land, and is not consistent with the public interest." The complaint also alleged that proper procedures were not followed when the ordinance was passed, and that the bill constituted illegal piecemeal, spot, and/or contract zoning. The citizens sought (a) a declaratory judgment that CB–90, and the method used to enact it, are invalid, and (b) an injunction prohibiting implementation of CB–90.

The Council filed a motion to dismiss, or in the alternative, for summary judgment. The Council argued that the circuit court did not have jurisdiction to hear the action because the citizens had not yet exhausted their administrative remedies. The Council also argued that the citizens failed to state a claim upon which relief could be granted.

The circuit court held a hearing on November 30, 2006. The circuit court's order of January 24, 2007, concluded that "Plaintiffs have failed to exhaust their administrative remedies pursuant to the Regional District Act, Article 28, Section 8–106(e) of the Maryland Code," and for that reason, the court granted the motion to dismiss. The citizens timely filed this appeal.[2]

---

**2.** In this Court, the Council filed a motion to strike, asking this Court to disregard some of the material in the appendix of appellant's brief, including one of our own unpublished decisions, and briefs submitted to this court by the Council in other appeals. The Council's motion is denied; we can take judicial notice of our own opinions and public

**Analysis**

*A.  Standard of Review*

In the motion to dismiss, the Council asserted, as its main argument, the lack of exhaustion of administrative remedies. In *Beyond Systems, Inc. v. Realtime Gaming Holding Co., LLC,* 388 Md. 1, 11–12 & n. 10, 878 A.2d 567 (2005), the Court of Appeals noted that Maryland Rule 2–322 converts a motion to dismiss into a motion for summary judgment only if the motion is based upon failure to state a claim.  When a motion to dismiss is based upon lack of jurisdiction, the court can consider affidavits or hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment.  As the Court of Appeals stated in *Md.-Nat'l Capital Park & Planning Comm'n v. Crawford,* 307 Md. 1, 13–14 n. 4, 511 A.2d 1079 (1986): "[T]he requirement that administrative remedies must be exhausted is not ordinarily a limitation upon the subject matter jurisdiction of the trial court.  But, because of the public policy underlying this requirement, it is for some purposes treated *like* a jurisdictional issue."  Because exhaustion of administrative remedies is quasi-jurisdictional, we will treat the circuit court's decision as one granting a motion to dismiss (rather than summary judgment), even though the court may have considered material outside the complaint.

Our review of the circuit court's grant of a motion to dismiss is *de novo.  Reichs Ford Rd. Joint Venture v. State Rds. Comm'n of the State Highway Admin.,* 388 Md. 500, 509, 880 A.2d 307 (2005) (citation omitted).  In conducting that review, "we must assume the truth of the well-pleaded factual allegations of the complaint, including the reasonable inferences that may be drawn from those allegations." *Adamson v. Corr. Med. Servs., Inc.,* 359 Md. 238, 246, 753 A.2d 501 (2000) (citations omitted).

record documents presented to this Court.  The cases were not cited by the citizens as precedential authority. *See* Maryland Rule 1–104(b).

## B. Zoning in Prince George's County

The Regional District Act, Md.Code (1957, 1997 Repl.Vol.), Art. 28, §§ 1–101–8–127, governs zoning of property within the Regional District comprised of Montgomery County and most of Prince George's County. Art. 28, § 7–103(b) provides that "[t]he entire area of Prince George's County is within the regional district, with the exception of the City of Laurel, as its corporate boundaries are defined as of July 1, 1994." The Regional District Act is "the exclusive source of zoning authority in those areas of Prince George's County which [the Regional District Act] covers." *County Council v. Brandywine Enters., Inc.,* 350 Md. 339, 342, 711 A.2d 1346 (1998) (citations omitted). The Prince George's County Council and the Montgomery County Council have been designated by the General Assembly as the district councils for the Maryland–Washington Regional District. Art. 28, § 8–101(a). Section 8–101(a) provides that these two county councils are "each individually designated, for the purposes of this article, as the district council for that portion of the regional district lying within each county, respectively." The District Council is granted powers by Art. 28, § 8–101. A portion of that statute which is particularly relevant to this action is § 8–101(b)(2), which provides:

> [E]ach district council, respectively, in accordance with the conditions and procedures specified in this article, may by ordinance adopt and amend the text of the zoning ordinance and may by resolution or ordinance adopt and amend the map or maps accompanying the zoning ordinance text to regulate, in the portion of the regional district lying within its county ... the uses of land, including surface, subsurface, and air rights therein, for building, trade, industry, residence, recreation, agriculture, forestry, or other purposes.

The Council acts as an administrative agency when, as authorized by the Regional District Act, it sits as the District Council in zoning matters. *Brandywine, supra,* 350 Md. at 342, 711 A.2d 1346. The Prince George's County District Council exercised its authority pursuant to § 8–101(b)(2) to enact CB–

90, the text amendment that the citizens sought to challenge in this judicial action.

The question raised by this case is whether the citizens have an available administrative remedy that precludes direct resort to the courts until after the administrative remedy has been exhausted. *See Prince George's County v. Ray's Used Cars*, 398 Md. 632, 922 A.2d 495 (2007).

## C.    *Exhaustion of Administrative Remedies Required*

In support of its motion to dismiss the citizens' complaint, the Council argued that the citizens had not yet exhausted their administrative remedies because there will be an opportunity for the citizens to raise all objections to the validity of CB–90 if a property owner applies for the special exception contemplated by the ordinance.   Because no such application had been filed as of the date the citizens filed suit, the Council argued that the suit was premature, stating:

> Plaintiffs, it is submitted, have set forth no facts in their complaint to justify an exception to the exhaustion rule. They do not show that they are impeded in any way from participating in a special exception proceeding, nor do they claim that the bill they challenge prevents administrative or judicial review of a special exception decision.   In particular, they do not allege that it would be futile, a waste of time or money or both, to offer evidence in a special exception case authorized by CB–90.

> Plaintiffs cannot show that it would be futile or impossible to oppose an elderly housing special exception application filed under CB–90. The point, for present purposes, is that they have not tried, they have not exhausted available administrative remedies.   But they must do so, before they can bring a declaratory judgment action in this Court.   The Zoning Ordinance and the Regional District Act give plaintiffs perfectly adequate and available remedies, remedies that are primary or exclusive, and they must be exhausted.

\* \* \*

... [The citizens'] claims against CB–90–2004 are not ripe until there is a final and reviewable administrative decision based on that zoning legislation.

With respect to whether exhaustion of administrative remedies is required before a party may resort to direct court action, the Court of Appeals explained in *Zappone v. Liberty Life Insurance Co.,* 349 Md. 45, 60–61, 706 A.2d 1060 (1998), that there are three categories of administrative remedies: 1) "exclusive," meaning that only an administrative, and not a judicial, remedy is available; 2) "primary but not exclusive," meaning that "a claimant must invoke and exhaust the administrative remedy, and [then] seek judicial review"; and 3) "fully concurrent," meaning that "the plaintiff at his or her option may pursue the judicial remedy without the necessity of invoking and exhausting the administrative remedy." "Which one of these three scenarios is applicable to a particular administrative remedy is ordinarily a question of legislative intent." *Id.* at 61, 706 A.2d 1060.

There is an additional consideration in this case because the citizens chose to proceed by way of a declaratory judgment action. The Declaratory Judgment Act states: "If a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a proceeding under this subtitle." Md.Code (1974, 2006 Repl.Vol.), Courts and Judicial Proceedings Article, § 3–409(b). As a result, the Court of Appeals "has consistently held that because, under the Declaratory Judgment Act, statutory administrative remedies are exclusive, the administrative procedures established must be exhausted before a litigant may seek declaratory relief from a trial court." *Moose v. Fraternal Order of Police,* 369 Md. 476, 487, 800 A.2d 790 (2002).

### 1. Remedies under Article 28, § 8–106

■ The Regional District Act provides an administrative appeal process for review of the zoning hearing examiner's decision with respect to granting or denying an application for

a special exception. Art. 28, § 8–110(a)(3) states: "In Prince George's County the district council shall provide for the appeal of decisions of the zoning hearing examiner in special exception and variance cases to the district council." Art. 28, § 8–110(a)(5) further provides: "The district council in either county also may authorize the board of zoning appeals to interpret the zoning maps or pass upon disputed questions of lot lines or district boundary lines or similar questions as they arise in the administration of the regulations." Whether the administrative appeal of the zoning hearing examiner's decision is heard by the District Council or the Board of Appeals—*see* Art. 28, § 8–110(a)(1)—judicial review is expressly authorized under Art. 28, § 8–106(e) if the appeal is heard by the District Council, and under Art. 28, § 8–111.1(a) if the appeal is heard by the Board of Zoning Appeals.

The Council argues in this Court that the citizens have not yet pursued available administrative remedies, stating:

> The citizens must show, in special exception proceedings, why their rights have been violated, as they alleged in their complaint. They must also argue in administrative proceedings, if they choose to, why CB–90–2004 is unconstitutional or otherwise invalid. Then, having exhausted administrative remedies by opposing the special exception application, and having preserved their argument that CB–90–2004 is not valid by making the argument to the District Council, the citizens would be authorized, under § 8–106(e) of the Regional District Act, to file a petition for judicial review in the circuit court. They would then be able to present all validity arguments, as well as their arguments about how CB–90–2004 violates their rights and causes them injury.

According to the Council, the citizens must wait until someone applies for a special exception to build elderly housing in the R–E zone, and the citizens must then assert their arguments about the invalidity of CB–90 in that special exception proceeding. Judicial review of that administrative process is authorized by Art. 28, § 8–106(e), quoted above. Review of the circuit court's decision by this Court is expressly authorized by Art. 28, § 8–106(j).

*Ray's Used Cars, supra,* 398 Md. 632, 922 A.2d 495, is a case that also considered whether a party claiming that a Prince George's County zoning text amendment is invalid may proceed directly to court to seek declaratory and injunctive relief. *Ray's Used Cars* bears many similarities to the citizens' case. In both cases the Prince George's County District Council amended the zoning ordinance by adopting a text amendment. No effort was made in either case to seek immediate judicial review of the Council's action pursuant Art. 28, § 8–106(e). In both cases, the parties who were unhappy with the zoning text amendment waited a substantial period of time after the effective date of the amending bill before seeking any judicial relief. When the respective suits were filed, the plaintiffs in each case attacked the validity of the zoning text amendment and sought declaratory and injunctive relief. In both cases, the County moved to dismiss the complaints, arguing, as its primary basis, that the plaintiffs had yet to exhaust their administrative remedies. In each case, the County argued that the plaintiffs would have additional opportunities, not yet foreclosed, to raise their challenges to the legality of the zoning text amendment.

There is a difference, however, in the status of the plaintiffs in the two cases with respect to their relationship to the property that was the direct object of the zoning text amendment. In *Ray's Used Cars,* the plaintiffs who objected to the zoning text amendment were property owners whose existing used car sales sites no longer satisfied the minimum lot size required for compliance with the amended zoning requirement. The County argued in that case that the used car dealers "may now institute administrative proceedings for variances or other relief." 398 Md. at 642, 922 A.2d 495. In other words, the car dealers were in a position to immediately pursue an administrative remedy. But in the present case, the plaintiffs are not the owners of the property directly covered by the zoning text amendment, and, as a consequence, have no immediately available means to seek an administrative ruling with respect to their complaint that the zoning text amendment was not legally adopted.

Although there is a clear disparity between property owners and objecting neighbors regarding the time within which the party objecting to the zoning text amendment may pursue an administrative remedy, we are persuaded that exhaustion of administrative remedies is required before either party may seek judicial intervention. As the Court of Appeals noted in *Ray's Used Cars, supra,* 398 Md. at 645, 922 A.2d 495, "while there is no presumption that an administrative remedy is intended to be exclusive when a recognized alternative judicial remedy exists, there is a strong 'presumption that the administrative remedy is intended to be primary, and . . . a claimant cannot maintain the alternative judicial action without first invoking and exhausting the administrative remedy.' *Zappone,* 349 Md. at 63, 706 A.2d at 1069." The Court of Appeals held that the car dealers' suit seeking declaratory and injunctive relief should have been dismissed because "fully adequate administrative adjudicatory remedies could have been pursued by the plaintiff used car dealers, and, as stipulated by Prince George's County, can still be pursued by the plaintiffs." *Id.* at 647, 706 A.2d 1060.

Similarly, in the present case, if and when any property owner seeks to take advantage of the special exception created by CB–90, the citizens will have available to them "fully adequate administrative adjudicatory remedies." *Id.* The Court of Appeals "has consistently held over the past fifty years that the question of a zoning ordinance's validity, as applied to the property involved, is an appropriate issue for an administrative zoning agency." *Holiday Point Marina Partners v. Anne Arundel County,* 349 Md. 190, 199, 707 A.2d 829 (1998). Consequently, we find the following statement that the Court of Appeals made in *Ray's Used Cars,* 398 Md. at 647–50, 922 A.2d 495, applicable to citizens' complaint:

Although the Regional District Act is the exclusive source of zoning in the geographical area encompassed by the Regional District, we have not expressly held whether the adjudicatory *remedies* under that Act are exclusive or whether they are simply primary. Furthermore, there is no need to resolve that issue in this case. Whether exclusive

or primary, this Court's opinions have made it clear that the adjudicatory remedies provided by the Regional District Act, for the resolution of zoning issues like those presented here, must be pursued and exhausted before resort to the courts. Our cases have applied this principle even when zoning ordinances enacted by the District Council have been challenged on the ground that they were invalid or unconstitutional. We have also held that no action may be maintained under the Declaratory Judgments Act, Maryland Code (1974, 2006 Repl.Vol.), §§ 3–401, *et seq.*, of the Courts and Judicial Proceedings Article, for the resolution of such issues.

\* \* \*

Turning to the case at bar, it is clear that the administrative procedures available to the plaintiffs, under the Regional District Act and the Prince George's County Code, were either exclusive or primary. As stated in the *Gingell* case, [*Gingell v. Board of County Commissioners for Prince George's County,* 249 Md. 374, 377, 239 A.2d 903, 905 (1968)], "this [administrative] remedy must be followed." (Footnote omitted.) *See also Anderson House, LLC v. Mayor and City Council,* 402 Md. 689, 705, 939 A.2d 116 (2008) (local jurisdiction's provision for administrative remedy and judicial review "would be pre-eminent to any remedy a plaintiff might seek under the Declaratory Judgment Act"). For that reason, we affirm the circuit court's dismissal of the citizens' complaint.

At oral argument in this Court the citizens' counsel urged us to issue an opinion as to whether the citizens could have sought judicial review, pursuant to Art. 28, § 8–106(e), challenging the validity of CB–90 immediately after the bill was enacted, if they had filed their petition within 30 days following the District Council's final decision to adopt that bill. The Council disagrees that immediate judicial review of CB–90 would have been a permissible option for the citizens, and contends that § 8–106(e) does not permit immediate judicial review of legislation adopting a zoning text amendment. Al-

though the Court of Appeals held in *County Council v. Carl M. Freeman Associates, Inc.*, 281 Md. 70, 73–76, 376 A.2d 860 (1977), that the plaintiffs in that case could, pursuant to § 8–106(e), obtain judicial review of a rezoning effectuated by passage of a resolution called a "Sectional Map Amendment," the Council maintains that a zoning *text* amendment is a distinctly legislative action that is not within the purview of § 8–106(e). We are unaware, however, of any reported appellate decision that has adopted the distinction the Council urges.

Several recent cases have analyzed the phrase "zoning action" as that language is used in Maryland Code (1957, 2007 Repl.Vol.), Article 66B, § 4.08(a) and § 2.09(a) relative to judicial review of zoning matters in other jurisdictions in the State. *See, e.g., Appleton v. Cecil County*, 404 Md. 92, 101, 945 A.2d 648 (2008); *MBC Realty, LLC v. Mayor and City Council*, 403 Md. 216, 236, 941 A.2d 1052 (2008); *Anderson House, supra*, 402 Md. at 710, 939 A.2d 116; *Maryland Overpak Corp. v. Mayor and City Council*, 395 Md. 16, 21, 909 A.2d 235 (2006); *Bethel World Outreach Church v. Montgomery County*, 184 Md.App. 572, 589, 967 A.2d 232 (2009). Because the phrase "zoning action" does not appear within Art. 28, § 8–106, however, these cases are not controlling with respect to the statutory construction of the pertinent statute governing review of "final decisions" of the Prince George's County District Council. The General Assembly has provided in Art. 66B, § 7.03(c)(5), that the Regional District Act controls in the event of any conflict with the State's generally applicable zoning statutes.

But we need not resolve in this case what might have happened if things had unfolded in a different manner. The citizens made no effort to seek immediate judicial review of the Council's decision to adopt CB–90. And the Council does not contend that such failure bars the citizens from asserting their challenges to the validity of CB–90 in administrative proceedings if and when a property owner seeks to take advantage of the special exception use created by CB–90. Whether the citizens could have pursued immediate judicial

review of the zoning text amendment under Art. 28, § 8–106(e) is a question we leave unanswered because it is not necessary to our disposition of the case.

## 2. Exceptions to the Exhaustion Requirement

Although there are exceptions to the rule requiring exhaustion of administrative remedies, *Poe v. City of Baltimore*, 241 Md. 303, 308, 216 A.2d 707 (1966), none is applicable to permit the citizens' circuit court action to proceed. The Court of Appeals laid out five recognized exceptions to the exhaustion rule in *Prince George's County v. Blumberg*, 288 Md. 275, 284–85, 418 A.2d 1155 (1980), as follows:

1.  When the legislative body has indicated an intention that exhaustion of administrative remedies was not a precondition to the institution of normal judicial action. *White v. Prince George's Co.*, 282 Md. 641, 649, 387 A.2d 260, 265 (1978).

2.  When there is a direct attack, constitutional or otherwise, upon the power or authority (including whether it was validly enacted) of the legislative body to pass the legislation from which relief is sought, as contrasted with a constitutional or other type issue that goes to the application of a general statute to a particular situation. *Harbor Island Marina v. Calvert Co.*, 286 Md. 303, 308, 407 A.2d 738, 741 (1979).

3.  When an agency requires a party to follow, in a manner and to a degree that is significant, an unauthorized procedure. *Stark v. Board of Registration*, 179 Md. 276, 284–85, 19 A.2d 716, 720 (1941).

4.  Where the administrative agency cannot provide to any substantial degree a remedy. *Poe v. Baltimore City*, 241 Md. 303, 308–09, 216 A.2d 707, 709 (1966).

5.  When the object of, as well as the issues presented by, a judicial proceeding only tangentially or incidentally concern matters which the administrative agency was legislatively created to solve, and do not, in any meaningful way, call for or involve applications of its expertise. *Md.-Nat'l Cap. P. &*

*P. v. Wash. Nat'l Area,* 282 Md. 588, 594–604, 386 A.2d 1216, 1222–27 (1978).

At first glance, it would appear that this case falls within the second listed exception, recognized in *Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 308, 407 A.2d 738 (1979). *See also Richmark Realty v. Whittlif,* 226 Md. 273, 281, 173 A.2d 196 (1961) ("Though it has been held that the constitutionality of a rezoning ordinance may be attacked in statutory zoning review proceedings, the jurisdiction of equity is not ousted where, as in the instant case, the primary attack is on the validity of the challenged ordinance." (citations omitted)). But the Court of Appeals addressed and rejected a similar claim of exception to the exhaustion requirement in *Ray's Used Cars, supra,* 398 Md. at 650, 922 A.2d 495. We see no reason to reach a different result in this case.

As the Court of Appeals stated in *Ray's Used Cars, id.:* "Under Maryland administrative law, the 'constitutional exception' to the requirement that primary administrative remedies must be pursued and exhausted is an extremely narrow one." The Court noted that it had "consistently held that exclusive or primary administrative remedies must be pursued and exhausted, before resort to the courts, in cases presenting constitutional issues." *Id.* at 651, 922 A.2d 495. The Court further noted that the "constitutional exception" had been "significantly limited" by more recent cases. *Id.* at 652, 922 A.2d 495 (citing *Montgomery County v. Broadcast Equities, Inc.,* 360 Md. 438, 455, 758 A.2d 995 (2000)).

In *Ray's Used Cars,* the Court of Appeals noted that one limitation upon the exception, pointed out in *Insurance Commissioner v. Equitable,* 339 Md. 596, 623, 664 A.2d 862 (1995), comes into play if the challenge to the statute requires an evidentiary hearing and findings of fact. The Court explained why that limitation upon the constitutional exception was one reason the car dealers could not bypass the exhaustion of administrative remedies in *Ray's Used Cars,* 398 Md. at 655–56, 922 A.2d 495 (footnote omitted), stating:

[T]he plaintiffs' "substantive due process" and equal protection attacks upon the ordinance were factually based, and the Circuit Court's declaratory judgment rested upon the court's findings of fact. This Court in *Insurance Commissioner v. Equitable,* 339 Md. at 623, 664 A.2d at 876, held as follows:

"Finally, where a constitutional challenge to a statute, regardless of its nature, is intertwined with the need to consider evidence and render findings of fact, and where the legislature has created an administrative proceeding for such purpose, this Court has regularly taken the position that the matter should be initially resolved in the administrative proceeding."

The administrative agencies under the Regional District Act were created by the General Assembly to hear the evidence and render the appropriate findings of fact. Instead of initially performing this function itself, the Circuit Court should have deferred to those agencies.

In the present case, the citizens' complaint alleged that the text amendment has been defined in such a way that it is applicable to a single property in the county. As a consequence, the citizens alleged, the measure is an "invalid zoning action" because it does not cover a substantial area, does not promote uniformity in the use of property within the R–E zone, and was not based upon an adjudication of change or mistake. The complaint further alleged that the Council enacted this site-specific zoning without adhering to approved comprehensive area design plans. The complaint alleged that the Council's adoption of the text amendment bypassed the normal procedures for amending comprehensive development plans, and was not the product of careful study and consideration. The citizens also alleged that the "questionable enforceability of the text amendment will cause the parties uncertainty and insecurity as to the future proceedings on those applications" for the special exception created by CB–90.

In our view, the allegations of invalidity made by the citizens are highly fact based, and the challenge to CB–90 "is

intertwined with the need to consider evidence and render findings of fact," *id.*, such that "the matter should be initially resolved in the administrative proceeding." *Id.* As in *Ray's Used Cars,* the constitutional exception does not apply to enable the citizens to bypass the requirement that they exhaust administrative remedies.

**APPELLEES' MOTION TO STRIKE APPENDIX DENIED.**

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY IS AFFIRMED.**

**COSTS TO BE PAID BY APPELLANTS.**